[Crim. No. 3717. Fourth Dist., Div. One. Aug. 12, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM BARTEAU et al., Defendants and Appellants.

COUNSEL

Sanford J. Borenstein for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and John H. Darlington, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

BROWN (Gerald), P. J.—Defendants William Barteau and Janis Worthy Barteau appeal their probation orders deemed final judgments after they pleaded guilty to possessing marijuana (Health & Saf. Code, § 11530). They contend the court abused its discretion in denying their motions to withdraw their guilty pleas.

Defendants were initially charged by information with possessing marijuana for sale (Health & Saf. Code, § 11530.5), possessing peyote (Health & Saf. Code, § 11500) and possessing opium (Health & Saf. Code, § 11500). William Barteau was charged with a prior conviction of possessing marijuana. Defendants moved to set aside the information and to suppress evidence. The court denied the motions to set aside the information when defendants failed to appear either in person or by counsel on April 6, 1968, the hearing date. The record does not disclose the disposition of the motions to suppress evidence which had also been noticed for April 5, 1968.

On April 17, 1968, both defendants withdrew their not guilty pleas and entered pleas of guilty to the included offense of possessing marijuana (Health & Saf. Code, § 11530). The charges of possessing peyote and opium were dismissed. The court struck William Barteau's prior conviction.

Defendants contend their changes of plea resulted from a bargain struck with the district attorney's office. Their attorney executed and filed a declaration in support of a motion defendants be allowed to change their pleas back to not guilty. According to this declaration the substance of the plea bargain was William Barteau, who belonged to the Marine Corps Reserve, would ask to be put on active duty. The district attorney would recommend he be granted probation on condition he enter active duty with the Marine Corps. William Barteau did apply for active duty. The district attorney did recommend probation.

The court minutes show the court set May 8, 1968, for defendants' probation hearings following their changes of pleas. On May 8, 1968, the probation hearings were continued to June 12, 1968, with a notation the

hearing was to be moved up if military orders were received. On June 10, 1968, defendants' attorney declared he first learned William Barteau might not be activated. On June 12, 1968, at the continued probation hearing the deputy district attorney told defense counsel William Barteau would not be activated. The court again continued the probation hearing, to June 14, 1968, to allow defendants to file their motions to withdraw their guilty pleas.

On June 14, 1968, the court denied both defendants' motions to withdraw their guilty pleas. The court granted probation to William Barteau for a period of three years, one condition being he spend six months in custody. The court also granted probation to Janis Barteau for three years, one condition being she spend thirty days in custody.

Defendants challenge the trial court's exercise of discretion in denying their motions to withdraw their guilty pleas by claiming the state did not live up to its half of a plea bargain. This challenge may be reviewed on appeal from the judgment taken without complying with Penal Code, section 1237.5 (*People* v. *Delles,* 69 Cal.2d 906, 909-910 [73 Cal.Rptr. 389, 447 P.2d 629]). Defendants' burden on this appeal is to establish by clear and convincing evidence they entered their guilty pleas through mistake, ignorance, inadvertence or any factor overcoming their exercise of a free judgment (*People* v. *Coley,* 257 Cal.App.2d 787, 802 [65 Cal.Rptr. 559]). Where a guilty plea is entered as a result of plea bargaining, and the judgment entered is contrary to the promise giving rise to the plea or where the state has failed to perform its part of the bargain, then the trial court may allow a plea withdrawal (*People* v. *Delles, supra,* 69 Cal.2d 906, 910-911; *People* v. *Wadkins,* 63 Cal.2d 110, 114 [45 Cal.Rptr. 173, 403 P.2d 429]). Whether the trial court allows withdrawal of a guilty plea is a matter directed to the court's discretion (*People* v. *Coley, supra,* 257 Cal.App.2d 787, 802).

The trial court did not abuse its discretion in this case. The district attorney lived up to all portions of his bargain over which he had any control. Charges of possessing opium and peyote were dismissed as to both Mr. and Mrs. Barteau. The charge they possessed marijuana for sale was reduced to simple possession of marijuana. William Barteau's prior narcotics conviction was stricken on motion of the district attorney. The district attorney supported the Barteaus' application for probation. The court granted probation.

The question in this case is whether failure of the Marine Corps to accept William Barteau, preventing active service in the Marines as a con-

dition of probation, vitiated the plea bargain. This is not a case where the bargain expressly contemplated the possibility William Barteau would not be accepted. No agreement was made the Barteaus would be allowed to withdraw their guilty pleas should the Marines reject William. (See *People v. Coley, supra,* 257 Cal.App.2d 787, 803.)

The parties to the plea bargain must have known the condition William be activated for service was contingent upon his acceptance by the Marines. At least one continuance of the Barteaus' probation hearings was based upon anticipated orders from the Marines. A reasonable construction of the plea bargain is that should the Marines reject William, other comparable conditions of probation would be imposed.

Since the Barteaus did not establish by clear and convincing evidence they entered their guilty pleas through mistake, ignorance, inadvertence or other factor overcoming their exercise of free judgment and since the state lived up to its promises and the probation order entered by the court conformed to the plea bargain as reasonably construed, no abuse of discretion appears.

Judgments affirmed.

Coughlin, J., and Whelan, J., concurred.