UNITED STATES of America,
Appellee,

v.

Amadeo Augusto Luciano SANTELISES,
Appellant.

No. 686, Docket 72-2381.

United States Court of Appeals,
Second Circuit.

Argued April 4, 1973.

Decided April 12, 1973.

5. Since the evidence justified the court in concluding that the defendant testified falsely, and the 20-to-30-year sentence is less than the 30-year permissible maximum, review of the record and the presentence report supports the conclusion that such sentence does not constitute cruel and unusual punishment. See Government of the Virgin Islands v. Venzen, 424 F.2d 521, 523 (3d Cir. 1970). Defendant may apply for reduction of sentence upon remand of the case to the district court. See F.R.Crim.P. 35.

Martin L. Rothstein, New York City (Austin T. Fragomen, New York City, of counsel), for appellant.

Bart M. Schwartz, Asst. U. S. Atty. (Whitney North Seymour, U. S. Atty., S. D. N. Y., of counsel), for appellee.

Before KAUFMAN, ANDERSON and OAKES, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

On July 16, 1965, Amadeo Santelises, a citizen of the Dominican Republic residing in the United States, was charged in a twenty-seven count indictment with various offenses connected with the preparation and use of false immigration documents. On December 7 Santelises, appearing with counsel, pleaded guilty to counts 1–8 (charging violations of 18 U.S.C. § 1001, § 2 and § 3238), counts 18–19 (charging violations of 18 U.S.C. § 1546, § 2 and § 3238), and counts 21–24 (charging violations of 18 U.S.C. § 1015, § 2 and § 3238) of the indictment. The appellant was sentenced on January 28, 1966 to concurrent one-year terms of probation, and completed his sentence satisfactorily. No appeal was taken from the judgment of conviction.

On June 9, 1966, the Immigration and Naturalization Service of the Department of Justice instituted deportation proceedings against Santelises. On October 9, 1967, after a hearing at which appellant was represented by counsel, he was ordered deported pursuant to 8 U.S.C. § 1251(a)(5), which authorizes the deportation of any alien previously convicted of violating 18 U.S.C. § 1546, the statutory prohibition which made up counts 18–19 of the indictment to which Santelises had pleaded guilty.

On April 10, 1972, appellant brought the instant petition to set aside his plea of guilty to counts 18 and 19 of the 1965 indictment.[1] He urges that both counts fail to allege violations of law under 18 U.S.C. §§ 1546 and 2. In addition, Santelises argues that his plea was not knowingly and voluntarily tendered because he was not informed that deportation was a collateral consequence of his conviction. Judge Tenney, ruling on Santelises's petition in the district court, rejected both claims without holding a hearing. We affirm.

Appellant concedes that where, as here, the sufficiency of the indictment went unchallenged at the time of pleading, the indictment will be upheld "unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted." United States v. Trollinger, 415 F.2d 527, 528 (5 Cir. 1969). Although Santelises pressed this issue in his brief on appeal, he chose not to argue the matter before the court, indi-

1. The district judge concluded that jurisdiction existed under 28 U.S.C. 1651(a), the "all writs" statute, and treated the petition as a request for a writ of error *coram nobis.*

cating that he believed it to be a "technicality."

Section 1546 provides, *inter alia*, that whoever

> utters, uses, attempts to use, possesses, obtains, accepts or receives any [immigrant or nonimmigrant] visa, permit or document [required for entry], knowing it to be forged, counterfeited, altered or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained . . . ,

shall be guilty of an offense against the United States. 18 U.S.C. § 2 provides that whoever aids or abets in the commission of a crime is punishable as a principal. Count 18 of the indictment to which Santelises pleaded guilty charged that the appellant "knowingly did obtain, accept, receive and cause to be obtained, accepted and received, an immigrant visa for Fabia Gomez deFelix, knowing the same to have been procured by fraud. . . ." More specifically, Count 18 accused Santelises of submitting and causing to be submitted both a letter falsely indicating that the applicant for entry had waiting employment in the United States, and a false affidavit of support stating that the signer had a bank account in a New York City bank. Count 19 essentially tracked count 18, charging similar violations in connection with the contemplated entry into the United States of one Fredesvinda Feliz.

■ We are unable to detect even a "technical" error in the indictment. Accordingly, we reject this claim as frivolous.

■ Somewhat more substantial is the argument that appellant's plea was involuntary because he was not aware that a conviction pursuant to section 1546 would subject him to deportation proceedings. Although that portion of Rule 11, F.R.Crim.P., which requires the court to inform a defendant of the consequences of a plea of guilty had not been enacted at the time of Santelises's conviction,[2] appellant argues that his lack of awareness as to so significant a sanction as deportation requires us to vacate his plea under due process standards. We disagree. We need not intimate how we might decide this case were the mandate of Rule 11 applicable to these proceedings. It is sufficient to state at this time that the mere failure of a district judge to warn a defendant of the possibility of deportation as a consequence of his plea does not, without more, amount to a violation of constitutional due process, thereby rendering the plea invalid.

■ In United States v. Parrino, 212 F.2d 919 (2 Cir.) cert. denied, 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954), this Court was unable to find "manifest injustice", *see* Rule 32(d) F.R.Crim.P., in a case involving a defendant who, having pleaded guilty to a kidnapping offense, proceeded to serve a two-year jail sentence and, upon release, found himself the subject of deportation proceedings based on his prior conviction. Unlike the instant case, Parrino was affirmatively misled by his counsel, a former Commissioner of the Immigration Service, who advised his client that a plea of guilty would not subject him to deportation. Judge Frank, concluding that counsel's performance was grossly inadequate, dissented for that reason. Although Professor Moore indicates his approval of Judge Frank's opinion, 8A Moore, Federal Practice, ¶ 32.07 [3] [b],

---

2. Rule 11 provides, in part, that a judge may not accept a plea of guilty "without first *addressing the defendant personally and* determining that the plea is made voluntarily with understanding of the nature of the charge *and the consequences of the plea.*" The italicized words were added to the Rule and became effective on July 1, 1966. The amendments have not been given retroactive effect, McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

p. 106, it is clear that Santelises does not allege that he was affirmatively misled by counsel, and he has not made out any claim of ineffective assistance of counsel.[3] In addition, nothing in Judge Frank's opinion in *Parrino* supports the view that the court is constitutionally required to inform a defendant that he may be subject to deportation as a consequence of his plea.

Moreover, we should emphasize that deportation under section 1546 is not "automatic". Although 8 U.S.C. § 1251(a)(5) does allow deportation of any alien who has violated sec. 1546, without proof that the crime is one of moral turpitude, deportation results, however, only upon "order of the Attorney General" who retains discretion whether or not to institute such proceedings. Deportation, then, serious sanction though it may be, is not such an absolute consequence of conviction that we are mandated to read into traditional notions of due process a requirement that a district judge must warn each defendant of the possibility of deportation before accepting his plea. We have been referred to no cases, nor have we found any, indicating that this or any other court has seen fit to take such a giant step[4] and we believe that this trend should be noted and followed by us.

We emphasize, finally, that cases arising after the enactment of the 1966 amendments to Rule 11, F.R.Crim.P., may bring different considerations to bear upon this problem but we neither address nor decide those questions.

Affirmed.

---

3. Santelises's failure to submit an affidavit of counsel, corroborating his allegation that he was unaware that deportation was a possible consequence of the guilty plea, independently justifies the decision to dismiss below, *see* Grant v. United States, 451 F.2d 931 (2 Cir. 1971); *cf.* United States v. Wisniewski, 2 Cir. 1973, 478 F.2d 274, 284 (1973). Santelises contends, however, that certain conduct on the part of the district judge affirmatively misled him as to the consequences of his plea and that inasmuch as evidence of the court's error appears in the record an affidavit of counsel was unnecessary in this case.

   We find the argument fanciful. The court questioned Santelises concerning his understanding of the charges against him, whether he was indeed guilty of the crime to which he was pleading, whether threats or promises were made in connection with the plea, and whether any representation as to sentence had been made to him. The following colloquy then took place:

   Court: You recognize that all that remains to be done is for the Court to accept your plea of guilty on each count and to pass sentence on you?
   Defendant: Yes sir.

   Court: Which could include a jail sentence?
   Defendant: Yes.
   Santelises argues that when Judge Tenney, in accepting the plea, stated that "all that remains to be done" is for the court to pass sentence, he implied that Santelises could not be deported. Although the argument is imaginative, to say the least, we remain unpersuaded.

4. Indeed, Bye v. United States, 435 F.2d 177 (2 Cir. 1970), although concluding that a defendant must be informed, pursuant to Rule 11, if he will be ineligible for parole, reaffirmed the view that a defendant need not be advised of "every conceivable collateral effect" of his plea, citing *Parrino*. See Bye v. United States, 435 F.2d at 179–180. United States v. Sambro, 454 F.2d 918 (D.C.Cir. 1971) rehearing en banc denied, *id.* at 924, followed our own *Parrino* case in refusing to allow a defendant who was unaware that a plea of guilty would subject him to deportation, to withdraw his plea even *prior* to sentencing. *But see* opinion of Bazelon, Chief Judge, dissenting from the denial of a rehearing en banc, *id.* at 924.