[Crim. No. 6519. Fourth Dist., Div. One. Apr. 8, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO BANALES FLORES, Defendant and Appellant.

## COUNSEL

Philip A. DeMassa and Patrick J. Hennessey, Jr., for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Harley D. Mayfield and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**AULT, J.**—Antonio Banales Flores appeals from the judgment of conviction entered on a plea of guilty after his motion to withdraw the plea had been denied. A certificate of probable cause has been filed pursuant to Penal Code section 1237.5. He contends his guilty plea was neither voluntarily nor intelligently made since he had not been advised that entry of such plea and conviction would result in his deportation under federal law.

In April 1972 Flores and others were indicted on four marijuana charges: sale (Health & Saf. Code, § 11531), possession for sale (Health & Saf. Code, § 11530.5), possession (Health & Saf. Code, § 11530) and conspiracy to sell (Health & Saf. Code, § 11531 and Pen. Code, § 182, subd. 1). The possession and conspiracy charges were later dismissed on motion of the People.

On September 19 Flores, while represented by counsel, entered a guilty plea pursuant to a plea bargain. He pled to possession of marijuana for sale, stipulated to be a lesser included offense in the offense of selling marijuana.

Before accepting the plea, the court fully advised Flores of his constitutional rights concerning jury trial, confrontation and self-incrimination and then received his personal waiver of such rights. The court also advised him of the possible prison term which could be imposed under the law. In response to questions by the court, Flores testified he had assisted his codefendant Martinez in selling marijuana and was pleading guilty freely and voluntarily, as he had previously declared under penalty of perjury, with the concurrence of his counsel, in a change of plea form. The court did not mention deportation as a consequence of the plea, and there is nothing in the record to indicate the court was then even aware that Flores was a resident alien.

Before the probation hearing, Flores retained new counsel and immediately moved to withdraw his guilty plea on the ground he had not fully understood the consequences of his plea in that no one had told him he would be deported.

On January 2, 1973, the matter came before the same judge who had accepted the plea. On advice of counsel, Flores declined to testify after the deputy district attorney warned he might be prosecuted for perjury if he should contradict what he told the court on the previous occasion. His first attorney testified he was aware Flores was a resident alien and had

informed him he would be "subject to deportation" if convicted but would probably not be deported because he had "equities" in the United States. (It appears Flores has two children born in this country and a wife who is about to become a citizen.) The attorney testified he had previously worked on deportation matters while serving five years as an assistant United States attorney.

The motion to withdraw the guilty plea was denied, the court stating: "I will find that it is not necessary to the validity of his plea that he be advised prior thereto as to his possible deportation as a result of the plea, or of his deportation as result of the plea.

"I'll find further, however, that in this case the defendant's attorney, Mr. Milchen, did advise the defendant prior to the entry of his plea, that he would be subject to deportation if he did in fact plead guilty to the charge, to which he did later plead guilty."

To support his contention that the trial court erred in denying his motion to withdraw the guilty plea, Flores relies on *In re Tahl,* 1 Cal.3d 122, 130 [81 Cal.Rptr. 577, 460 P.2d 449]. *Tahl* held a guilty plea cannot stand unless the record indicates a free and intelligent waiver of the three rights necessarily abandoned by a guilty plea (jury trial, confrontation of witnesses, and privilege against self-incrimination) and also indicates that the defendant understood the nature and consequences of his plea. ■ The latter requirement relates to the direct and primary consequences of the plea, such as the punishment which may be exacted, and does not encompass collateral consequences (*People* v. *Searcie,* 37 Cal. App.3d 204, 211-212 [112 Cal.Rptr. 267]), which could conceivably include innumerable factors wholly outside the trial court's knowledge or contemplation. ■ That Flores' conviction might subject him to deportation under federal law was a collateral and not a direct consequence of the guilty plea. (*United States* v. *Sambro,* 454 F.2d 918, 921-923; *United States* v. *Santelises,* 476 F.2d 787, 790; see also *Brady* v. *United States,* 397 U.S. 742, 755 [25 L.Ed.2d 747, 760, 90 S.Ct. 1463, 1472].) The record in this case demonstrates full compliance with all of *Tahl's* requirements.

While a trial court must permit the withdrawal of a guilty plea taken in violation of *Tahl* rules, the decision does not purport to limit a trial court's power to permit such withdrawal to those cases where its rules have been violated. ■ Where a defendant is represented by counsel at the time he enters his plea of guilty (see Pen. Code, § 1018), a motion to withdraw the plea based on a ground other than a *Tahl* violation is addressed to the trial court's sound discretion, and a denial will not be

disturbed on appeal unless the trial court abused its discretion. (*In re Brown,* 9 Cal.3d 679, 685 [108 Cal.Rptr. 801, 511 P.2d 1153]; *People v. Barteau,* 10 Cal.App.3d 483, 486 [89 Cal.Rptr. 139].)

██ Here, there was no abuse of discretion. Flores was made aware of the possibility of deportation by his attorney before he entered the guilty plea. His only confusion concerned the degree of the risk. Although collateral, deportation is a serious consequence which may result after an alien has been convicted of a serious crime. But unlike the consequence involved in *In re Birch,* 10 Cal.3d 314, 321-322 [110 Cal.Rptr. 212, 515 P.2d 12], (registration as a sex offender), deportation of an alien does not inexorably follow from his conviction of a crime. Deportation can be instituted only upon the order of the Attorney General of the United States who retains discretion not to institute such proceedings. (*United States* v. *Santelises, supra,* 476 F.2d 787, 790.)

The judgment is affirmed.

Brown (Gerald), P. J, and Cologne, J., concurred.

A petition for a rehearing was denied April 23, 1974, and appellant's petition for a hearing by the Supreme Court was denied June 5, 1974.