[No. B227019. Second Dist., Div. Eight. Sept. 26, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD AGUIRRE, Defendant and Appellant.

COUNSEL

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lawrence M. Daniels and Lauren E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RUBIN, Acting P. J.**—Richard Aguirre appeals from the trial court's denial of his motion to withdraw his guilty plea to maintaining a residence for the purpose of selling cocaine. We affirm.

### FACTS AND PROCEEDINGS

In March 2009, the People filed an information against appellant Richard Aguirre alleging he had possessed for sale cocaine base on February 16, 2009. The information also specially alleged he had served five prior prison terms. In July 2009, appellant entered into a plea bargain. Under the bargain, the People dismissed the possession-for-sale charge and the prior-prison-term allegations in return for appellant's agreement to plead guilty to one count of maintaining a residence for the purpose of selling cocaine, for which he would receive a low-term sentence of 16 months.

Appellant's sentencing hearing was continued several times between entry of his plea in July 2009 and the sentencing hearing in August 2010. In the interim, a federal grand jury, which federal prosecutors had empanelled in June 2009, handed up a multiple-count indictment in September 2009 against numerous alleged members of the Avenues street gang, including appellant. The indictment charged appellant and others with, among other crimes, racketeering and conspiracy to distribute narcotics. As to appellant, the indictment specifically charged that on February 16, 2009, he knowingly and intentionally possessed crack cocaine with the intent to distribute.

At his sentencing hearing in August 2010, appellant moved to withdraw his guilty plea. He noted that he had not known about the grand jury proceedings when he entered into the plea bargain, nor had the trial court advised him that his guilty plea might be used against him in federal proceedings. He claimed that if he had known about the grand jury and the looming indictment, he would not have pleaded guilty to the state charge. The trial court denied

appellant's motion to withdraw his plea because the court found the federal indictment was not a "direct consequence" of his guilty plea. Accordingly, the court imposed the 16-month sentence agreed to under the plea bargain. Appellant filed a notice of appeal for which the trial court granted appellant's request for a certificate of probable cause.

## STANDARD OF REVIEW

To withdraw his guilty plea, appellant must show good cause with clear and convincing evidence. (Pen. Code, § 1018; *People v. Superior Court (Giron)* (1974) 11 Cal.3d 793, 797 [114 Cal.Rptr. 596, 523 P.2d 636].) We review for abuse of discretion the trial court's denial of appellant's motion to withdraw his plea. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254 [69 Cal.Rptr.2d 784, 947 P.2d 1321]; *People v. Shaw* (1998) 64 Cal.App.4th 492, 495–496 [74 Cal.Rptr.2d 915].)

## DISCUSSION

A defendant's guilty plea must be knowing, intelligent, and voluntary. (*People v. Smith* (2003) 110 Cal.App.4th 492, 500 [1 Cal.Rptr.3d 779].) A plea with those qualities presupposes the defendant knows of all the "direct consequences" of his plea. (*People v. Zaidi* (2007) 147 Cal.App.4th 1470, 1481 [55 Cal.Rptr.3d 566].) Appellant contends his plea was not knowing and intelligent because he was unaware of the looming federal indictment when he pleaded guilty, his indictment being, he argues, a "direct consequence" of his plea. We disagree.

A plea's direct consequences are those that " 'follow inexorably' " from the plea, and may include the permissible range of punishment, imposition of a restitution fine, ineligibility for probation, a maximum parole period, registration as a criminal offender, and revocation or suspension of one's driver's license. (*People v. Barella* (1999) 20 Cal.4th 261, 270 [84 Cal.Rptr.2d 248, 975 P.2d 37]; see *People v. Moore* (1998) 69 Cal.App.4th 626, 630 [81 Cal.Rptr.2d 658]; see also *People v. Arnold* (2004) 33 Cal.4th 294, 309 [14 Cal.Rptr.3d 840, 92 P.3d 335].) A court need not, however, advise a defendant of " 'collateral consequences' " that do not inexorably follow from a plea. (*Arnold*, at p. 309; *Moore*, at p. 630.) Examples of collateral consequences include the possibility of enhanced punishment in the event of a future conviction, and limitations on one's ability to earn conduct and work credits while in prison. (*Arnold*, at p. 309; *Moore*, at p. 630.)

Here, appellant contends the federal indictment recycles the state charges that the People filed against him. Thus, appellant concludes, the trial court was obligated to inform him that federal prosecutors might use his plea

against him in a federal prosecution. Appellant's argument that the federal proceedings "follow[ed] inexorably" from his plea falls short for several reasons. First, he cites no case law holding that federal criminal proceedings are a direct consequence of a state court guilty plea, and he concedes nothing in the record suggests that the district attorney knew beforehand about any plan by federal prosecutors to use his state court plea in a federal prosecution. Second, the federal charge and state conviction are for different offenses. The federal indictment alleged "[o]n or about February 16, 2009, [appellant] knowingly and intentionally possessed with the intent to distribute crack cocaine . . . ." The gravamen of that allegation is possession with intent to distribute cocaine base. But, under his plea bargain, appellant admitted only to maintaining a residence for the purpose of selling a controlled substance (cocaine), a different offense involving a criminal intent different from the federal possession charge. (Compare Health & Saf. Code, § 11366 ["[e]very person who . . . *maintains any place* for the purpose of unlawfully selling, giving away, or using any controlled substance" commits an offense (italics added)] with 21 U.S.C. § 841(a)(1) [federal offense to "possess with intent to . . . distribute . . . a controlled substance"].) ■ Third, and finally, under our federal system of dual sovereignty, nothing about a state criminal plea inexorably leads to a federal prosecution; to the contrary, a state conviction commonly extinguishes federal interest in additional prosecution. (See, e.g., *U.S. v. Snell* (9th Cir. 1979) 592 F.2d 1083, 1087; accord, *Koon v. United States* (1996) 518 U.S. 81, 112 [135 L.Ed.2d 392, 116 S.Ct. 2035]; United States Attorneys' Manual (1997) § 9-2.031 <http://www.justice.gov/usao/eousa/foia_reading_room/usam/title9/2mcrm.htm#9-2.031> [as of Sept. 26, 2011].) Based on the foregoing reasons, we find the trial court was not obligated to advise appellant that his guilty plea might be used against him in a future federal prosecution.

Appellant alternatively contends the federal indictment denied him the benefit of his plea bargain. (*People v. Johnson* (1974) 10 Cal.3d 868, 871–872 [112 Cal.Rptr. 556, 519 P.2d 604] [defendant may withdraw guilty plea if denied benefit of plea bargain]; *People v. Gallego* (1979) 90 Cal.App.3d Supp. 21, 29 [153 Cal.Rptr. 415].) The record shows otherwise. Appellant entered into a plea bargain under which he was promised a low-term sentence of 16 months, and that is the sentence the trial court imposed. Appellant asserts his circumstances are similar to those in *Gallego*, where the appellate court found a change in law barring the defendant's desired enrollment in an alcohol rehabilitation program (instead of suspension of his driver's license) denied the defendant the benefit of a plea bargain which had offered him that enrollment. (*Gallego*, at p. Supp. 33.) *Gallego*'s facts are different from here, where appellant was promised, and received, a 16-month sentence. That the plea bargain did not anticipate or address a possible federal prosecution does not mean appellant did not receive that for which he bargained in state court.

## DISPOSITION

The judgment is affirmed.

Flier, J., and Grimes, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 16, 2011, S197070.