Filed 9/23/14  In re Gage J. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re GAGE J., a Person Coming Under the Juvenile Court Law. | D065363 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. JCM233464) |
| v. | |
| GAGE J., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

Minor Gage J. (Gage) admitted to possessing a knife on school grounds, as alleged in a petition filed in the juvenile court. (Pen. Code, § 626.10, subd. (a)(1).) During a later hearing, Gage moved to withdraw his admission. The court denied his request without prejudice and placed him on formal probation.

Gage appeals, contending he is entitled to withdraw his admission because the juvenile court failed to orally advise him of the one-year maximum period of confinement as a direct consequence of his plea. We disagree and affirm the order of the juvenile court denying his request to withdraw his admission.

BACKGROUND

A petition filed with the juvenile court alleged Gage possessed a knife on school grounds (count 1) and violated curfew (count 2). (Pen. Code, § 626.10, subd. (a)(1); San Diego Mun. Code, § 58.0102, subd. (a).) The court initially placed Gage on informal supervision, but reinstated the petition a few months later because Gage was expelled from school and continued to demonstrate behavioral problems at home.

Immediately after the court reinstated the petition, counsel explained Gage was willing to admit count 1 in exchange for the People's dismissal of count 2. Gage was advised of and waived his constitutional rights, then admitted the knife allegation. Before Gage entered his admission, however, the court did not orally advise him of the maximum term of confinement, which was one year. Although the court did not orally advise Gage of the potential term of confinement, both Gage and the court signed the minute order the same day, which stated: "The minor is advised the maximum term for

2

Count 1 is 1 year," and "[t]he minor is advised the overall maximum term of confinement is 1 year."

At the next hearing Gage moved to withdraw his admission, challenging the court's decision to revoke his informal supervision. The court rejected this argument, noting its decision to revoke informal supervision was a separate issue having no effect on the validity of Gage's admission. The court denied the motion without prejudice "to be renewed for appropriate grounds."

Gage did not renew his request to withdraw his admission at either of the two continued disposition hearings that followed. At the final disposition hearing, Gage again expressed his dissatisfaction with the court's decision to revoke informal supervision, stating, "I have not broken informal probation . . . and I don't see why the court is pushing me to be on probation for a year . . . ."

DISCUSSION

Gage for the first time on appeal contends he should be able to withdraw his admission based on the juvenile court's failure to orally advise him of the direct consequences of his plea.[1] He contends he would not have admitted the knife allegation had the juvenile court orally admonished him of the one-year maximum term of confinement. Because the record shows Gage was aware of the one-year maximum term, we conclude he fails to establish the prejudice necessary to warrant a withdrawal of his admission.

---

[1]    Although the People argue Gage forfeited this claim by failing to raise this objection in the juvenile court, we nevertheless dispose of it on the merits.

3

A.  *Legal Principles*

Generally, a defendant may move the trial court to set aside a guilty plea for good cause at any time before the entry of judgment.  (Pen. Code, § 1018.)  "Good cause" requires a showing by clear and convincing evidence of mistake, ignorance, fraud, duress or any other factor that overcomes the exercise of free judgment.  (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)  The grant or denial of such a withdrawal motion is "within the sound discretion of the trial court and must be upheld unless an abuse thereof is clearly demonstrated."  (*People v. Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 796.)

The validity of a guilty plea requires a record demonstrating the trial court advised the defendant of the direct consequences of the conviction, including the permissible range of punishment provided by statute.  (*Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 605.)  The phrase, "possible range of punishment," has been interpreted to mean an advisement of the maximum and minimum prison terms that may be imposed upon conviction.  (*In re Carabes* (1983) 144 Cal.App.3d 927, 932-933.)  Thus, the trial court errs when it fails to advise a defendant of the maximum term of punishment as a consequence of his or her plea.  (*Bunnell*, *supra*, at p. 605.)

However, as the California Supreme Court explained in *People v. Walker* (1991) 54 Cal.3d 1013, 1022-1023, a defendant is entitled to relief based on the trial court's failure to advise of the maximum term of confinement only if the defendant establishes that he or she was prejudiced by the error.  (*In re Moser* (1993) 6 Cal.4th 342, 352.)  To establish prejudice, a defendant must demonstrate it is "reasonably probable" that he or she would not have pleaded guilty if not for the error.  (*Walker*, *supra*, at p. 1023.)

B. *Analysis*

Although the juvenile court failed to orally advise Gage he could be subject to confinement in juvenile court for up to one year, we conclude on this record that the court's failure to do so was harmless. Gage was represented by counsel (and Gage indicated to counsel that he was willing to admit the knife allegation). Immediately after Gage entered his admission, the record shows he signed the minute order, which clearly advised the maximum term of confinement for possessing a knife on school grounds was one year.

Moreover, Gage was given several opportunities to move to withdraw his admission based on the court's failure to advise him of the direct consequences of his plea. The record also shows, however, Gage made no effort to do so, suggesting he did not consider the court's failure significant in his decision to admit the knife allegation.

In addition, Gage's statement at the final disposition hearing that he did not "see why the court [was] pushing [him] to be on probation for a year" shows he was in fact aware of the maximum term of punishment for possessing a knife on school grounds.

Gage's assertion in his brief that, but for the court's failure to advise him he would not have made his admission, without any evidentiary support from the record, is insufficient to establish prejudice. As such, we are satisfied on this record that Gage had full recognition of the consequences of his admission, including the potential term of confinement in juvenile hall for up to one year. Because Gage was aware of the potential term of confinement, he cannot demonstrate that he was prejudiced by the juvenile court's failure to confirm his awareness and is not entitled to withdraw his plea.

5

DISPOSITION

We affirm the order of the juvenile court denying Gage's request to withdraw his admission of possessing a knife on school grounds.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.