Filed 5/26/22  P. v. Ramsey CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KAHLID RAMSEY,<br><br>Defendant and Appellant. | F079841<br><br>(Super. Ct. No. MCR056744A)<br><br>**OPINION** |

-ooOoo-

APPEAL from orders of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Jill M. Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Eric Christoffersen, Lewis Martinez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

Sally O. Moreno, District Attorney (Madera), Cheryl L. Bonner, Deputy District Attorney, as Amicus Curiae.

-ooOoo-

Appellant Kahlid Ramsey appeals the denials of his petition for resentencing under Penal Code section 1170.95,[1] his motion to withdraw his plea under the terms of the plea agreement and section 1018, and his request to enforce his plea agreement. Appellant makes these arguments in the alternative, noting the plea agreement argument is made only if this court rejects his arguments under section 1170.95. This structure likely exists because success on the request to enforce the plea agreement would have previously rendered appellant categorically ineligible for relief under section 1170.95. (See *People v. Flores* (2020) 44 Cal.App.5th 985, 993 [conviction for manslaughter categorically ineligible for relief].)

With respect to the section 1170.95 argument, the parties agree that the trial court erred in making certain factual findings and thus should not have denied appellant's petition. The remaining dispute is whether this court should remand for further proceedings or grant appellant relief under section 1170.95. Notably, while both parties also agree that section 1170.95 is constitutional, this court has received an amicus brief arguing section 1170.95 is unconstitutional because it infringes upon two prior initiatives enacted by the public.

For the reasons set forth below, we conclude that on the current record an evidentiary hearing is required on appellant's section 1170.95 petition and therefore remand for the trial court to conduct that hearing. We also reject the assertion that section 1170.95 is unconstitutional. Finally, because this court does not agree that appellant is entitled to section 1170.95 relief on the current record, we consider and reject appellant's claim that the trial court erred in refusing to enforce his plea agreement.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2018, a first amended information was filed alleging appellant, Jorge Murrillo, and James Ridge were guilty of the murder of LaTisha Logan, along with

---

[1] Undesignated statutory references are to the Penal Code.

several other offenses related to the events resulting in Logan's murder. Evidence from the preliminary hearing showed the three concocted a plan to rob Logan's boyfriend, that Ridge shot Logan when she answered the door of her home, and that the three returned to a residence together after the incident.[2]

Both appellant and Murrillo eventually pleaded guilty to first degree murder. However, the plea agreements included a condition that required both to make themselves available for, and to truthfully testify at, Ridge's trial. Under that condition as described in open court, if "as determined by the Court," appellant testified truthfully, appellant would be permitted to withdraw his plea to first degree murder and enter a plea to multiple lesser charges, including voluntary manslaughter, with a total aggregate determinate term of 18 years.

Appellant testified at Ridge's trial and subsequently sought to withdraw his plea under the terms of the plea agreement and section 1018. At the hearing on this motion, the prosecutor argued that both appellant and Murrillo "seemed to minimize their involvement in this case," and that "if the Court does find that they testified falsely," the question left was whether that false testimony was material. The prosecutor continued, "It's not that I'm asking the Court to give them the deal or I'm asking the Court not to. I just want the Court to know that with regards to everything but testifying truthfully, they did make themselves available to testify, and come to court when they were needed … but the truthful element … [i]t's up to the Court to make that determination."

Following this statement, the court considered its views of both appellant's and Murrillo's testimony. Relevant to this case, the court identified a specific portion of appellant's trial testimony as problematic, stating, "I think it's absurd for [appellant] to testify that he brought a gun that only had two bullets, and Mr. Murrillo just happened to

---

[2]     Additional background on the underlying offense can be found in our nonpublished opinion in codefendant Ridge's appeal. (*People v. Ridge* (Dec. 18, 2020, F077952).)

3.

have a box of bullets of the same caliber that this gun was, and Mr. Murrillo just happened to be carrying it around." The court also noted appellant never gave a consistent answer regarding his role in the event, particularly whether he witnessed the shooting. Through substantial discussion with defense counsel, the court expressed its view that it did not believe appellant's testimony and identified examples where appellant's testimony regarding his role was not consistent. Regardless, the court continued the hearing and reviewed the trial testimony.

When the court returned to the issue, it confirmed that it had reread appellant's testimony and again expressed its belief that appellant had lied about his possession of bullets and had lied about remaining in the car during the shooting. While the court found the statements about bullets were not material, it stated "as to his remaining in the car, I find that that is false and that was a material fact." Based on this finding, the court denied appellant's motion to withdraw his plea.

Prior to sentencing, appellant petitioned to withdraw his plea again, this time based on section 1170.95. At the initial hearing on this motion, the court agreed that appellant was entitled to a hearing to determine whether he was a major participant in the charged offense. At that time, the prosecutor explained they would likely "be submitting on the preliminary hearing transcripts because both parties stipulated to that as a result of their plea" and on trial testimony, but that the prosecutor would "have to review it to see if [they] want to do any live testimony." The court then ordered transcripts of the trial testimony and continued the matter. During the continuance, additional briefing was submitted concerning the constitutionality of section 1170.95.

When the parties reconvened, the court made two relevant findings with respect to appellant's motion. First, the court concluded that Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), which enacted section 1170.95 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019) was unconstitutional because it amended Proposition 7 (Ballot Pamp.,

4.

Gen. Elec. (Nov. 7, 1978) text of Prop. 7 (Proposition 7)) and Proposition 115 (Ballot Pamp., Primary Elec. (June 5, 1990) text of Prop. 115 (Proposition 115)) by reducing those eligible for the sentencing structures imposed by those amendments. Second, the court alternatively held that appellant was a major participant in the underlying offense because he was involved in planning the robbery, provided a gun he knew to be loaded, and was present at the scene of the crime. Based on these findings, the court denied appellant's section 1170.95 petition.

Appellant was eventually sentenced to a term of 25 years to life in line with his plea to first degree murder.

This appeal timely followed.

## DISCUSSION

As noted above, appellant raises two primary arguments in the alternative. Under the first, appellant contends he is entitled to be resentenced under section 1170.95. In the second, appellant argues the trial court wrongly denied his motion to withdraw his plea.

### *Relief Under Section 1170.95*

Appellant argues the trial court erred in denying his petition for relief from his murder conviction under section 1170.95. Appellant first argues the trial court acted improperly under the statute when it made factual findings concerning appellant's eligibility without holding an evidentiary hearing. Appellant then contends the trial court should have granted his petition because the People failed to dispute that his conviction should be vacated. We agree the trial court erred, but do not agree the record requires the court to grant appellant's petition at this time.

#### *Relevant Law*

Relevant to this case, former section 1170.95, subdivision (a) provided:

"(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to

5.

have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (Stats. 2018 ch. 1015, § 4.)

Former section 1170.95, subdivision (c) explained, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (Stats. 2018 ch. 1015, § 4.)

The dispute in this case arises in the context of section 1170.95, subdivision (c) and its requirement that the court determine whether appellant "is entitled to relief." The process for making this determination is similar to habeas corpus proceedings. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) Thus, "when assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's

assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition ... the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subdivision (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, second bracketed insertion added, abrogated on another ground in *Lewis*, *supra*, 11 Cal.5th at p. 963.)

Finally, under former section 1170.95, subdivision (d)(1), "Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously been sentenced." "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing…. The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (Former § 1170.95, subd. (d)(3).) The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well

as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).)

*The Trial Court Made Improper Factual Findings*

As one basis for denying appellant's petition, the trial court concluded that appellant "was a major participant in the attempted robbery and acted with a reckless indifference to human life." In doing so, the court stated appellant was "involved in the planning of the attempted robbery," that appellant "provided a gun for the robbery, and he knew the gun he provided was loaded," that appellant "was present at the scene," and that appellant "fully participated in the [attempted] robbery." Thus, the court appears to have considered appellant eligible for a felony murder conviction under section 189, subdivision (e)(3), which permits a conviction when the "person was a major participant in the underlying felony and acted with reckless indifference to human life."

In their responsive brief, the People concede that these factual findings were made too early in the proceedings. This concession is well taken, as the trial court was required to look beyond the record of conviction, to appellant's testimony at his codefendant's trial, to determine whether appellant was a major participant acting with reckless indifference to human life. As explained in *Drayton*, where there is "no prior finding by a factfinder or admission" to a fact that would make one ineligible, the court was necessarily engaged in "weighing [the] facts and drawing inferences" when reaching this conclusion. (*People v. Drayton*, *supra*, 47 Cal.App.5th at pp. 981–982.)

Appellant further contends that not only was the trial court incorrect in deeming him ineligible, but that it was bound to grant appellant's request for resentencing because the prosecution did not present evidence that appellant was ineligible for resentencing. We do not agree. Appellant's argument turns on the contention that the People were aware appellant was seeking resentencing and, in their responsive briefing and before the court, "conceded, assuming the constitutionality of the new law, that appellant was

eligible to have his murder conviction vacated" because they did not dispute appellant's final eligibility in their briefing, stated they would rely on the preliminary hearing transcripts at the initial hearing, and conceded there would need to be a hearing on the major participant finding. But this position ignores the specifics of the statute in question.

As noted above, section 1170.95 generally provides a two-step process for resentencing. In the first, appellant is required to make a prima facie showing of eligibility for relief. This step includes provisions for appointing counsel and submitting eligibility briefing based on the record of conviction. (*Lewis*, *supra*, 11 Cal.5th at p. 964.) Once a prima facie showing has been made, the statute provides for a second step to determine whether resentencing is appropriate. In this step, it is the People's burden to prove appellant is ineligible for resentencing. If the People agree on eligibility, the statute permits them to stipulate to that fact. (§ 1170.95, subd. (d)(2).) But if eligibility is disputed, the People are provided an opportunity "to supplement the record with new evidence, including, if requested, through an evidentiary hearing." (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815.)

Appellant's argument attempts to utilize the People's response in the first step to bind their actions in the second step. But nothing in the record or the statute permits such a result. The record does not show that the People believed appellant was necessarily entitled to resentencing. Aside from contesting the constitutionality of the statute at that time, the People also specifically noted the need for a further hearing. Thus, their statements are properly seen in the record as arising only with respect to issues raised at the prima facie eligibility step. Further, statutorily, the shifting burdens of proof between the two steps necessarily preclude reaching a conclusion that the People forfeited any final eligibility claim. The prosecution can prevail in the first step by merely disputing the positions put forth by appellant but must actively present evidence to support their

position in the second.  Binding the People through any alleged silence in the first step would overwrite the statute's specific procedures.  Accordingly, we agree with the People's position that the trial court erred in making factual findings regarding appellant's prima facie eligibility, but that remand is appropriate for a show cause hearing on appellant's ultimate eligibility.  At that hearing, the People will be permitted, under the statute, to offer new evidence on appellant's eligibility if desired.  We express no opinion about appellant's ultimate entitlement to relief.

*Senate Bill 1437 Is Constitutional*

The trial court's other, and primary reason, for denying appellant's section 1170.95 petition, was its determination that Senate Bill 1437, which includes section 1170.95, constitutes an unconstitutional amendment to Proposition 7 and Proposition 115.  Both appellant and the People agree in briefing to this court that Senate Bill 1437 is, in fact, constitutional.  This court has received, however, an amicus brief "on behalf of the people of the State of California" arguing Senate Bill 1437 impermissibly amends Proposition 7 and Proposition 115.  (Some capitalization omitted.)  The core import from these arguments is that the punishment imposed for certain crimes is so inextricably intertwined with the elements of those offenses that the modifications to the requirements for one necessarily impacts the other.  We do not agree.

Normally, an amicus brief must accept the case as it is presented and, thus, cannot present new arguments that were not raised by the parties.  (*Lavie v. Procter & Gamble Co.* (2003) 105 Cal.App.4th 496, 502.)  While this court has discretion to hear new arguments raised by amici " 'when the issue posed is purely a question of law based on undisputed facts, and involves important questions of public policy,' " such discretion should not be utilized lightly.  (*Id.* at p. 503.)  Thus, this court would be within its discretion to reject the constitutional arguments raised by amici with no further comment.

10.

Even upon the merits, however, the issue is well settled at this point. As the People noted at the time of their briefing, at least five different opinions held that Senate Bill 1437 did not unconstitutionally amend either Proposition 7 or Proposition 115. (See *People v. Prado* (2020) 49 Cal.App.5th 480, 491–492 [Sen. Bill 1437 does not amend Prop. 7 or Prop. 115]; *People v. Bucio* (2020) 48 Cal.App.5th 300 [same]; *People v. Solis* (2020) 46 Cal.App.5th 762 [same]; *People v. Cruz* (2020) 46 Cal.App.5th 740, 747 [same]; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270 [same].) Additional courts have since followed suit. (See *People v. Lippert* (2020) 53 Cal.App.5th 304, 311–314; *People v. Lopez* (2020) 51 Cal.App.5th 589, 600–602.) Notably, this court also recently considered the arguments made by amici, among others, and rejected them. (*People v. Nash* (2020) 52 Cal.App.5th 1041, 1053–1070 [relying on, in conjunction with other positions, the conclusion that neither Prop. 7 nor Prop. 115 dealt with the specific elements of the underlying offenses and thus Sen. Bill 1437 addressed an area related to, but distinct from, an area addressed by the initiatives].) To date, although dissents have been filed, this court has identified no opinion finding Senate Bill 1437 unconstitutional, nor has our Supreme Court certified a case to consider the issue.

Upon review of the opinions provided by our sister courts, we find no reason to depart from their conclusions. These issues have been extensively discussed in the above cases, and we readily adopt their analysis and conclusions. Although amici raise meaningful arguments about the relationship between changes to punishments and changes to the underlying offense, these types of changes are distinct issues with respect to Senate Bill 1437 and its alleged effects on Proposition 7 and Proposition 115 that ultimately go more to the appropriateness of the statutory scheme than its constitutionality.

11.

### *Motion to Withdraw Plea and Request to Enforce Plea Agreement*

As an alternative argument, appellant contends the trial court wrongly refused to enforce his plea agreement, which would have permitted him to withdraw his guilty plea to first degree murder and enter a new plea to lesser charges, including voluntary manslaughter, with a determinate term of 18 years. Appellant asserts two related positions. First, that the trial court wrongly refused to allow appellant to withdraw his prior guilty plea. And second, that the trial court erred in refusing to enforce appellant's plea agreement. Both of these positions rely on a claim that appellant substantially complied with the terms of his plea agreement and the People received the benefit of their bargain.

*Standards of Review*

Appellant contends that different standards of review apply depending on how the underlying issue is framed. Appellant posits that our review is de novo when considering whether the trial court refused to enforce the plea agreement, because of the contractual nature of the agreement. (See *People v. Woods* (2017) 12 Cal.App.5th 623, 630–631.) Appellant accepts that our review is for abuse of discretion when considering whether the trial court properly denied appellant's motion to withdraw his existing plea under section 1018. (See *People v. Aguirre* (2011) 199 Cal.App.4th 525, 528.) The People disagree with this split and argue that an abuse of discretion review is appropriate regardless of the analysis used, because the ultimate determination was whether, factually, appellant complied with his obligation to testify truthfully. We need not resolve the dispute over the proper standard of review in this case, however, as the result would not change based on the standard used.

*Discussion*

As appellant states in his reply brief, both proposed analyses "were essentially based on the same grounds: namely, appellant substantially complied with the plea

bargain, the People received the benefit of their bargain inasmuch as they secured the desired guilty verdict in Ridge's case with appellant's testimony, and the People did not object to appellant receiving the benefit of his bargain." In doing so, appellant does not challenge the trial court's conclusion that appellant made materially false statements.[3] The trial court's determination that it would not permit appellant to withdraw his plea thus turns on whether substantial compliance with a plea agreement requiring one to tell the truth can be met by testifying untruthfully in a case where a conviction is ultimately had. We conclude substantial compliance cannot be found in such a case.

Appellant's argument that he provided substantial compliance relies in part on the fact that the prosecution obtained a conviction. However, the case law shows that merely obtaining a conviction is not the point of a provision requiring truthful testimony. "Contrary to defendant's assertion, the prosecution did not receive the full benefit of its bargain. It matters not that [the codefendant] was convicted, because the bargain with [the] defendant was premised on [the] defendant telling the truth, not on a particular outcome in the [codefendant's] trial. Where a plea agreement obligates a defendant to make full and truthful disclosures, partial disclosure by a defendant may constitute a material and substantial breach, such that the prosecution is released from its obligations." (*People v. Peterson* (2012) 211 Cal.App.4th 1072, 1089.) Appellant's promise to testify truthfully, and his understanding that such testimony will be reviewed by the court, shows that the benefit of the bargain was not predicated upon conviction. If it were, the parties would not need the trial court to review the testimony for truthfulness. Such a review benefits appellant as well, as he would still be entitled to the benefit of the bargain if no conviction resulted, provided his testimony was truthful. As there is no

[3] As there is no dispute regarding the underlying testimony in this matter, only the meaning of substantial compliance, we deny the People's request that we take judicial notice of the transcripts from codefendant Ridge's trial in which appellant testified. Such material is irrelevant to the issues raised.

legal reason why the prosecution's ability to obtain a conviction proves substantial compliance on appellant's part, we find no error in the trial court refusing to withdraw appellant's plea.

Nor do we see the prosecutor's statements to the court as a basis to conclude the motion must be granted. While the prosecutor did not object to appellant withdrawing his plea, the prosecutor did not recommend granting the motion either. Rather, consistent with the terms of the plea agreement, the prosecutor left the decision regarding the truthfulness of appellant's testimony with the trial court. Ultimately, the court made a factual finding that appellant was not truthful in his testimony and therefore did not satisfy his end of the plea agreement.

" 'The power of the court to set aside a plea bargain on the ground of breach by a defendant of its terms is beyond question. " ' "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." ' " [Citation.] "When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." [Citation.]' [Citation.] The failure to hold the parties to the terms of their agreement would undermine the judicial process ...." (*People v. Peterson*, *supra*, 211 Cal.App.4th at p. 1087, third bracketed insertion added.) The trial court's determination that appellant did not testify truthfully in the relevant underlying trial precludes this court from concluding the trial court erred in rejecting the plea agreement as a mere conviction, and silence from the prosecutor does not demonstrate substantial compliance as a matter of law.

## DISPOSITION

The order denying appellant's motion to withdraw his guilty plea is affirmed.

The order denying appellant's petition for resentencing pursuant to section 1170.95 is reversed. The matter is remanded to the superior court with directions

to issue an order to show cause (§ 1170.95, subd. (c)) and hold a hearing to determine whether to vacate appellant's murder conviction, recall his sentence, and resentence him (*id*., subd. (d)).

The People's request for judicial notice is denied.


HILL, P. J.

WE CONCUR:


SMITH, J.


DE SANTOS, J.