[No. B230060. Second Dist., Div. Eight. Oct. 14, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID LEE WILLIAMS, Defendant and Appellant.

COUNSEL

Ronald L. Brown, Public Defender, Albert J. Menaster, Veronica Verdugo and Mark Harvis, Deputy Public Defenders, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Scott A. Taryle and Russell A. Lehman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FLIER, J.**—We affirm an order denying appellant David Lee Williams's motion to withdraw his no contest plea. His motion, which was made after

entry of judgment, was not timely under Penal Code section 1018.[1] His argument that he had six months to file a motion to withdraw his plea is inconsistent with section 1018.

## FACTS

On August 5, 2010, appellant was charged with one count of petty theft with a prior in violation of section 666. It was alleged that he suffered prior convictions including a prior theft-related conviction. On the same day, he pled no contest to the petty theft with a prior and admitted the prior theft-related conviction. Also on August 5, the court imposed a three-year prison sentence, suspended the execution of sentence, and placed appellant on formal probation.

On December 16, 2010, appellant moved pursuant to section 1018 to withdraw his no contest plea. He argued that he should be allowed to take advantage of an amendment to section 666, which inured to his benefit. The court denied the motion and issued a certificate of probable cause for appeal.

## DISCUSSION

It is undisputed that the Legislature amended section 666 in September 2010 in a manner that would benefit appellant. The parties dispute whether section 1018 permits appellant to withdraw his plea after imposition of judgment.

Section 1018 provides: "Unless otherwise provided by law, every plea shall be entered or withdrawn by the defendant himself or herself in open court. No plea of guilty of a felony for which the maximum punishment is death, or life imprisonment without the possibility of parole, shall be received from a defendant who does not appear with counsel, nor shall that plea be received without the consent of the defendant's counsel. No plea of guilty of a felony for which the maximum punishment is not death or life imprisonment without the possibility of parole shall be accepted from any defendant who does not appear with counsel unless the court shall first fully inform him or her of the right to counsel and unless the court shall find that the defendant understands the right to counsel and freely waives it, and then only if the defendant has expressly stated in open court, to the court, that he or she does not wish to be represented by counsel. On application of the defendant at any time before judgment *or within six months after an order granting probation is made if entry of judgment is suspended*, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a

---

[1] Undesignated statutory citations are to the Penal Code.

good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. Upon indictment or information against a corporation a plea of guilty may be put in by counsel. This section shall be liberally construed to effect these objects and to promote justice." (Italics added.)

If a trial court suspends imposition of sentence, no judgment is pending. (*People v. Howard* (1997) 16 Cal.4th 1081, 1087 [68 Cal.Rptr.2d 870, 946 P.2d 828].) Pursuant to section 1018, when entry of judgment is suspended, a defendant must bring a motion to withdraw a plea within six months. (*People v. Miranda* (2004) 123 Cal.App.4th 1124, 1133–1134 [20 Cal.Rptr.3d 610] (*Miranda*).) Appellant argues that the same six-month period applies to him because "[p]ersons placed on probation get the benefit of . . . section 1018; those who are given executed prison sentences do not." Thus, according to appellant, the statute distinguishes between defendants placed on probation and those remanded to serve a prison sentence. In contrast, respondent argues that the critical question is whether judgment was entered or suspended. We agree with respondent.

### 1. *The Plain Language of the Statute*

■ The plain language of the statute supports respondent's interpretation. The statute does not distinguish between defendants placed on probation and those ordered to serve a prison sentence. It distinguishes between defendants sentenced after a guilty plea and defendants for whom imposition of sentence is suspended. The statute permits a court to allow a defendant to withdraw a plea either (1) "any time before judgment" or (2) "within six months after an order granting probation is made if entry of judgment is suspended." Thus, the critical question is whether judgment was entered or suspended. Because the language is clear, " 'its plain meaning should be followed.' [Citation.]" (*People v. Weidert* (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380].)

■ Applying the plain language of the statute, appellant does not fall within the first category because he did not file his motion to withdraw prior to entry of judgment. He falls outside the ambit of the second category because entry of judgment was not suspended. Appellant's motion therefore was not timely.

■ Appellant's proposed third category purportedly allowing a defendant "to withdraw a guilty . . . plea as long as the motion is made within 6 months of the judgment imposing probation," cannot be reconciled with the plain language of the statute. It ignores and renders surplusage the contingency "if entry of judgment is suspended" and thereby conflicts with the "settled axiom of statutory construction that significance should be attributed to every word

and phrase of a statute, and a construction making some words surplusage should be avoided." (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1010 [239 Cal.Rptr. 656, 741 P.2d 154].)

### 2. *The Purpose of the 1991 Amendment*

Although resort to the legislative history is not required, the history is consistent with the plain language. Section 1018 was amended in 1991 to add the language " 'or within six months after an order granting probation is made if entry of judgment is suspended.' " (*Miranda, supra*, 123 Cal.App.4th at p. 1129, italics omitted.) Prior to the amendment, a defendant could withdraw a plea at any time prior to judgment. (*People v. Superior Court (Giron)* (1974) 11 Cal.3d 793, 796 [114 Cal.Rptr. 596, 523 P.2d 636].)

The purpose of the 1991 amendment was to limit the time period in which a defendant who receives probation and a suspended judgment may withdraw the guilty plea. As stated by the Assembly Bill No. 2174 (1991–1992 Reg. Sess.) enrolled bill report: " 'The purpose of this bill is to eliminate late withdrawal of pleas which often prejudices the prosecution because of the passage of time. When a defendant is sentenced to state prison, entry of judgment occurs a short time after the defendant pleads guilty. Thus, there is a very limited time in which to request a change of plea. However, if entry of judgment is suspended, and the defendant is placed on probation, he/she is entitled to apply to withdraw the guilty plea at any time. . . .' [Citation.]" (*Miranda, supra*, 123 Cal.App.4th at pp. 1131–1132.) The Legislature further explained: "When a court grants probation, it can do so in one of two ways. It can suspend judgment and sentencing, pending successful completion of probation. Because entry of judgment has been suspended, the defendant has the right to request a change of plea at any time. In the alternative, the court can enter judgment but stay the sentence pending the successful completion of probation. In such cases, the plea may not be changed after the defendant is placed on probation because judgment has already been entered." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2174 (1991–1992 Reg. Sess.) as amended May 30, 1991, p. 2.)

As the legislative history elucidates, the Legislature sought to shorten the time period permitted for a motion to withdraw when a defendant receives a suspended sentence. It accomplished this purpose by imposing a six-month window applicable to defendants who receive suspended sentences. The Legislature recognized the distinction between different methods of granting probation, but nevertheless chose to allow only those probationers with a suspended entry of judgment a six-month window to file a motion to withdraw the plea. The six-month window was an effort to limit the time

granted to a defendant receiving a suspended sentence to seek withdrawal, not to enlarge the time afforded a defendant whose sentence the court had imposed.[2]

## DISPOSITION

The order denying appellant's motion to withdraw his plea is affirmed.

Bigelow, P. J., and Grimes, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 25, 2012, S198193.

---

[2] Language in the statute indicating that it "shall be liberally construed to effect these objects and to promote justice" does not assist appellant. Appellant's so-called "liberal construction" conflicts with the plain language of the statute and the purpose of the statute to limit the time period for bringing a motion to withdraw a guilty plea. (Cf. *Miranda, supra,* 123 Cal.App.4th at p. 1133 [rejecting argument that six-month window should be enlarged to promote justice].)

Cases relied upon by appellant in which a defendant moved to withdraw a guilty plea prior to entry of judgment are inapposite because appellant moved to withdraw his plea after entry of judgment. (See, e.g., *People v. Hunt* (1985) 174 Cal.App.3d 95 [219 Cal.Rptr. 731].)

Finally, we need not decide whether appellant is entitled to the benefit of the amendment to section 666 because appellant fails to show that his motion to withdraw his plea was cognizable under section 1018.