Filed 5/31/23  P. v. Trotter CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B323194 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A570665) |
| v. | |
| ANTHONY GRAHAM TROTTER | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry Smerling, Judge.  Affirmed.

Anthony Graham Trotter, in pro. per.; Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Anthony Graham Trotter appeals from the trial court's order denying his motion to withdraw a guilty plea he entered in 1988. Court-appointed appellate counsel filed an opening brief raising no arguable issues on appeal and requesting an independent review of the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Trotter subsequently filed a supplemental brief with this court. After considering the arguments raised in Trotter's supplemental brief, and exercising our discretion to conduct an independent review of the record, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

The instant matter is Trotter's fifth appeal before this court. We have recited the underlying factual and procedural background in prior nonpublished opinions, most recently in *People v. Trotter* (Feb. 27, 2023, B319451) (*Trotter IV*). We incorporate our prior recitations of the facts and relevant procedural background as noted below.[1]

## I.  Proceedings Prior to the Instant Appeal

### A. Underlying offense, plea, and initial post-plea proceedings

"In 1986, when Trotter was 24 years old, he broke into the home of Charlene Hartsough to obtain money for drugs. While Trotter was in the middle of the burglary, Hartsough returned home. Trotter killed Hartsough by strangling her with a telephone cord and striking her head with a heavy candlestick. He ransacked the home and took a video cassette recorder and

---

[1] We also draw background from our earlier nonpublished opinions in *People v. Trotter* (Oct. 29, 2003, B160437) (*Trotter I*), *People v. Trotter* (Sept. 3, 2021, B309637) (*Trotter II*), and *People v. Trotter* (Dec. 29, 2021, B310316) (*Trotter III*).

some jewelry.  Trotter surrendered himself to the police before the crime was discovered.

"In 1988, Trotter pleaded guilty to first degree murder (Pen. Code, § 187, subd. (a))[2], robbery (§ 211), and residential burglary (§ 459) in exchange for a sentence of life imprisonment without the possibility of parole.  As part of the plea agreement, Trotter also admitted the truth of special circumstance allegations that he committed the murder during the commission of a robbery and a burglary (§ 190.2, subd. (a)(17)), and that he personally used a dangerous and deadly weapon (§ 12022, subd. (b)).  During the plea proceeding, when asked whether he had intentionally killed Hartsough, Trotter stated:  'I am pleading guilty, but I didn't intend to kill her.'  (*Trotter I, supra*, B160437.)  The trial court accepted Trotter's plea, found a factual basis supported the plea and the admissions, and sentenced Trotter per the plea agreement.

"In 2001, the United States District Court for the Central District of California conditionally granted Trotter's petition for writ of habeas corpus on the ground that his admission to the special circumstance allegations 'was not knowing and voluntary based on the lack of an adequate factual basis[.]'  (*Trotter I, supra*, B160437.)  The district court ordered that unless Trotter was tried on, or admitted the truth of, the special circumstance allegations, his sentence should be reduced.  (*Ibid.*)

"The special circumstance allegations were tried before a jury in May 2002.  The jury found the special circumstance allegations true, and the trial court once again sentenced Trotter to life in prison without the possibility of parole.  Trotter

_____

[2] All subsequent undesignated statutory references are to the Penal Code.

3

appealed and another panel of this division affirmed the judgment. (*Trotter I, supra,* B160437.) Trotter petitioned for review, and the California Supreme Court denied review in 2004." (*Trotter IV, supra,* B319451.)

### B. Petition for resentencing under section 1170.95

In 2020, Trotter filed a petition for resentencing under former section 1170.95.[3] The trial court denied the petition and Trotter appealed. Court-appointed appellate counsel filed an opening brief that raised no arguable issues on appeal and requested an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After an independent review, we affirmed the trial court's order denying Trotter's resentencing petition. (*Trotter II, supra,* B309637.)

### C. Request for hearing pursuant to *People v. Franklin*

While Trotter's appeal from the denial of his resentencing petition was pending, he requested a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261, to preserve youth-related mitigation evidence for an application for commutation of sentence. The trial court concluded Trotter was not entitled to a *Franklin* hearing. Trotter appealed and we affirmed the trial court's order. (*Trotter III, supra,* B310316.)

---

[3] Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.)

4

**D. First motion to withdraw guilty plea**

In early 2022, Trotter filed a motion to withdraw his 1988 guilty plea. Citing newly enacted section 1016.7, subdivision (a),[4] Trotter argued that because the prosecutor did not consider mitigating evidence of his age or his childhood trauma, his guilty plea was invalid. Trotter also alleged ineffective assistance of counsel based on trial counsel's failure to bring specific scientific studies to the prosecution's attention. (*Trotter IV, supra,* B319451.)

In February 2022, the trial court denied Trotter's motion to withdraw his guilty plea, concluding that section 1016.7 was not retroactive. It also held that section 1170.03,[5] which it cited as providing remedies for individuals who had suffered abuses similar to those claimed by Trotter, was not applicable. Finally, it denied the motion as untimely. (*Trotter IV, supra,* B319451.) Trotter appealed.

In October 2022, court-appointed appellate counsel filed an opening brief raising no arguable issues on appeal and requesting our independent review of the record pursuant to *Wende, supra,*

---

[4] Effective January 1, 2022, section 1016.7, subdivision (a) provides that in the "interest of justice" and "to reach a just resolution during plea negotiations," the prosecutor "shall" consider in support of a mitigated sentence whether the defendant has experienced "psychological, physical, or childhood trauma," or whether the defendant is or was a "youth at the time of the commission of the offense," and whether said trauma or youth status was a contributing factor in the commission of the alleged offense. (§ 1016.7, subd. (a)(1)–(2).)

[5] Effective June 30, 2022, section 1170.03 was renumbered to section 1172.1 with no change in text. (Stats. 2022, ch. 58, § 9.)

25 Cal.3d 436.  In February 2023, we affirmed the trial court's orders.  Exercising our discretion to conduct an independent review of the record, we concluded that Trotter was not entitled to withdraw his plea pursuant to section 1016.7, and the trial court correctly ruled Trotter was ineligible for relief under former section 1170.03.  (*Trotter IV*, *supra*, B319451.)

### III.  Current Appeal

In May 2022, Trotter filed a document in the trial court titled "Motion for miscarriage of justice due to ineffective assistance of trial counsel that render[s] guilty plea not knowingly[,] not intelligently[,] and not voluntarily entered pursuant to Cal. Const., Art. VI § 13 and Cal. Pen. Code § 1404."  Trotter argued trial counsel gave him incorrect information regarding the prosecution's evidence, leading him to plead guilty instead of taking his case to trial.

The trial court deemed Trotter's filing to be a motion to withdraw the guilty plea and denied the motion.  The court reasoned that Trotter previously filed a similar motion in 2008, and there was "ample evidence" that Trotter was the killer, including his prior admissions that he killed Hartsough.  The trial court thus rejected Trotter's claim that his plea was not knowing and voluntary.  In July 2022, the trial court reconsidered Trotter's May 2022 motion, again deemed it a motion to withdraw his guilty plea, and denied it a second time, issuing an identical order.

This appeal followed.  Trotter requested and was granted a certificate of probable cause.

In February 2023, court-appointed appellate counsel filed an opening brief that raised no arguable issues.  Counsel asked this court to independently review the record pursuant to

*Delgadillo*.  Trotter filed a supplemental brief arguing he received ineffective assistance of trial counsel, raising the same arguments as in his motion below.

## DISCUSSION

### I. Review Pursuant to *Delgadillo*

In *Delgadillo*, our Supreme Court held that the "procedures set out in *Anders* [*v. California* (1967) 386 U.S. 738] and *Wende* do not apply to an appeal from the denial of postconviction relief, even if the defendant has a state-created right to the appointment of counsel for that appeal." (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.)  However, if the defendant files a supplemental letter brief, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.)  Trotter has filed a supplemental brief in this case.

### II. The Trial Court Lacked Jurisdiction to Consider Trotter's Untimely Motion to Withdraw His Plea

Trotter's brief raises several issues regarding his trial counsel's alleged ineffective assistance of counsel.  Trotter argues trial counsel "fabricated" the prosecution's evidence against him to coerce him to plead guilty.  He states that while counsel told him there was physical evidence against him, that evidence did not exist or was falsified by the police.  Trotter also argues his attorney had a history of misconduct, pointing to a state bar complaint by a former client.  Finally, Trotter asserts that trial counsel should have informed him of a plea agreement in another case involving the same prosecutor.  For these reasons, Trotter contends his guilty plea was involuntary and unknowing.  He asks us to reverse the trial court's order, and to order the withdrawal of his guilty plea.

7

We can find no error in the trial court's order because Trotter's motion to withdraw his plea was untimely. Section 1018 expressly limits the time to bring a motion to withdraw a plea. It provides, in relevant part: "On application of the defendant at *any time before judgment* or within six months after an order granting probation is made if entry of judgment is suspended, the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . . This section shall be liberally construed to effect these objects and to promote justice." (§ 1018, italics added.) Under section 1018, a motion to withdraw a plea that is not filed before judgment is entered, and where the judgment is not suspended, is untimely. (*People v. Williams* (2011) 199 Cal.App.4th 1285, 1288 ["Applying the plain language of the statute, appellant does not fall within the first category because he did not file his motion to withdraw prior to entry of judgment. He falls outside the ambit of the second category because entry of judgment was not suspended. Appellant's motion therefore was not timely"].)

Trotter pleaded guilty in 1988. Judgment was not suspended. The trial court sentenced Trotter twice, most recently in 2002 after he was tried by jury. (*Trotter I*, *supra*, B160437.) Trotter filed the underlying motion to withdraw his plea 20 years later, in May 2022. His motion was therefore untimely under section 1018 and the trial court lacked jurisdiction to grant it. (See *People v. Miranda* (2004) 123 Cal.App.4th 1124, 1126 (*Miranda*) [where judgment was suspended under section 1018, "a trial court does not have jurisdiction to grant such a motion after the six-month period has passed"]; *People v. Superior Court*

8

*(Rodas*) (2017) 10 Cal.App.5th 1316, 1324.)  Trotter's motion was properly denied.[6]

Finally, we have exercised our discretion to conduct an independent review of the record and conclude there are no arguable issues on appeal.  (*Delgadillo, supra,* 14 Cal.5th at p. 230 [although defendant not entitled to *Wende* review, appellate court has discretion to conduct its own independent review of the record]; see also *Wende, supra,* 25 Cal.3d at p. 441.)

---

[6] We note that once the time to file a section 1018 motion has expired, a claim of ineffective assistance of counsel may be raised by a petition for writ of habeas corpus.  (*People v. Miranda, supra,* 123 Cal.App.4th at p. 1134, citing *People v. Gallardo* (2000) 77 Cal.App.4th 971, 983.)

## DISPOSITION

The trial court's order denying Trotter's motion to withdraw his guilty plea is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.